**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**DAVE LAIOSA, JOSE TOLEDO,**
**SYLVIA ANDERSON (on behalf of herself**
**and JOHN DOE, in her capacity as guardian),**
**and ADRIAN MCCOY II, individually,**

    **Plaintiffs,**


        **v.**


**THE PROCTER & GAMBLE COMPANY,**

    **Defendant.**

---

**Case No.:**


**CLASS ACTION COMPLAINT**


**JURY TRIAL DEMANDED**

1

## PRELIMINARY STATEMENT

Plaintiffs Dave Laiosa, Jose Toledo, Sylvia Anderson, John Doe I, Adrian Mccoy II (collectively "Plaintiffs"), hereby file this Complaint against Defendant, The Procter & Gamble Company, alleging violations of the following types in the states in which the Plaintiffs reside: (1) state consumer protection statutes, (2) breach of implied warranty of merchantability, (3) strict products liability (4) negligence/negligent design/negligence *per se* (5) fraudulent misrepresentation and (6) fraudulent concealment. The allegations in this Complaint are based on the personal knowledge of each of the Plaintiffs as to themselves, and on information and belief as to all other matters.

## NATURE OF THE ACTION

1.    People trust and rely on the manufacturers of consumer goods to make those products safe.

2.    This action seeks redress on behalf of Plaintiffs who have suffered bodily injury as a result of using Procter & Gamble Company's (hereinafter "P&G" or "Defendant") Old Spice® deodorant products. P&G has engaged in a pattern and practice of (i) placing dangerous products into the stream of commerce and (ii) failing to properly warn consumers of the risks and dangers attendant to the use of such harmful products – even well after Defendant knew or should have known of its hazards. P&G continued to conceal the dangers of the Product by failing to appropriately and fully recall the Products, by continuing to represent that they were safe to use, and by failing to warn consumers of the dangers attendant to its use, including irritation, rashes, chemical burns and other injury.

3.      As a direct and proximate result of P&G's policy, pattern and practice, Plaintiffs were systematically injured, harmed, and forced to discard the Old Spice deodorant products without the benefit of its full intended use and purpose.

4.      As a direct and proximate result of P&G's policy, pattern and practice with respect to the sale of its harmful Old Spice® deodorant products, Plaintiffs were personally injured. Additionally, Plaintiffs who purchased the products paid for the use of a full product when in fact they were forced to discard the product after only a few uses and therefore, were also economically damaged by being deprived of the intended use and purpose of the products.

5.      Defendant's uniform acts and omissions in connection with the development, marketing, distribution and sale of the Old Spice® deodorant products, and its failure to recall the harmful products violates the consumer protection laws of the states of residence of Plaintiffs, breaches P&G's implied warranty of merchantability to Plaintiffs, and constitutes negligence, strict liability and unjust enrichment by the Defendant.

6.      P&G failed to warn Plaintiffs of the risks, even though it knew, or should have known, that consumers were complaining that the deodorant was causing significant irritation, severe rashes and chemical burns (among other adverse effects, such as skin discoloration).

7.      Nowhere on the package labeling or on P&G's websites or other marketing materials did P&G warn Plaintiffs that they were at risk of irritation, rashes, or burns upon application of the Old Spice® deodorant products.

8.      Up to the date of the filing of this Complaint, P&G has never fully and appropriately recalled the harmful Old Spice® deodorant products. In fact, as of the date of this filing, the products are still for sale online and in stores. Moreover, P&G continues to falsely represent to consumers that the products are safe, and continue to fail to warn consumers of the

dangers of application of the products. P&G's efforts to conceal and downplay the hundreds if not thousands of complaints of consumers, including those of several Plaintiffs here, who have suffered rashes and chemical burns requiring medical treatment, constitutes negligence and strict liability.

9.      Plaintiffs reasonably expected that their deodorant products would not cause severe discomfort or result in rashes or burns to the skin because of defective design and manufacturing or because of inadequate research or due diligence.

10.     Further, Plaintiffs reasonably expected that if P&G, the company primarily responsible for developing, manufacturing, marketing and distributing the products, knew that the deodorants would or could cause irritation to the skin (or worse), P&G would make a disclosure to consumers as soon as it determined there was a widespread problem, rather than quietly offering consumers coupons to purchase more of the very same products causing harm. By downplaying, concealing and misrepresenting the safety and risks of using Old Spice® deodorant, P&G failed in its duty to provide consumers with adequate information, and continued to perpetuate a false public perception that there was little or no risk of harm from use of the products.

## JURISDICTION AND VENUE

11.     The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (a)(2)(A) because Plaintiffs and Defendant are of diverse citizenship and the matter in controversy exceeds seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

12.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because this is a class action, as defined by 28 U.S.C § 1332(d)(1)(B) whereby: (i) the proposed class consists of over 100 class members, (ii) a member of the putative class is a citizen of a different

state than Defendants, and (iii) the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs.

13.     The Court has jurisdiction over the state law claims because they form part of the same case or controversy under Article III of the Unites States Constitution.

14.     The Court has personal jurisdiction over Defendant because the Products are advertised, marketed, distributed, and sold throughout New York State; Defendant engaged in the wrongdoing alleged in this Complaint throughout the United States, including in New York State; Defendant is authorized to do business in New York State; and Defendant has sufficient minimum contacts with New York and/or otherwise has intentionally availed itself of the markets in New York State, rendering the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice. Moreover, Defendant is engaged in substantial and not isolated activity within New York State.

15.     At all relevant times hereto, the Procter & Gamble Company was a foreign corporation duly authorized to conduct business in the State of New York.

16.     At all relevant times hereto, the Procter & Gamble Company was a non-domiciliary of the State of New York, and has transacted business within the State of New York.

17.     At all relevant times hereto, the Procter & Gamble Company was a non-domiciliary of the State of New York and has committed a tortious act without the State of New York, causing injury to a person within the State of New York and said Defendant solicited business or engaged in any other persistent course of conduct, or derived a substantial revenue from goods used or services rendered in the State of New York.

18.      At all relevant times relevant hereto, the Procter & Gamble Company was a non-domiciliary of the State of New York, and has committed a tortious act within the State of New

York, causing injury to a person within the State of New York, and said Defendant expects or should reasonably expect the act to have consequences in the State of New York.

19.    At all times relevant hereto, the Procter & Gamble Company was a corporation doing business in the State of New York. Defendant was/is engaged in the manufacturing, distributing, advertising, marketing, and selling of the Products to hundreds of thousands of consumers nationwide, including New York.

20.    Pursuant to 28 U.S.C. § 1391(b)(2), this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District. Plaintiff Laiosa is a citizen of New York. He resides in this District and purchased the Old Spice® products from Defendant in this District. Moreover, Defendant manufactured, distributed, advertised, and sold the Products, which are the subject of the present Complaint, in this District.

## PARTIES

### New York Plaintiff

21.    Plaintiff Dave Laiosa is, and at all times relevant hereto has been, a citizen of the State of New York and resides in Westchester County. In 2015, Plaintiff Laiosa used Old Spice® Classic Fresh deodorant for personal consumption within the State of New York. Plaintiff Laiosa has purchased the Products from stores located in White Plains, New York, including Shoprite. After only a few applications of the product, Plaintiff began to suffer discomfort, irritation, and within days, also developed severe rashes and burning on and around the armpits. Upon discovering that the symptoms were caused by Old Spice deodorant (following each instance of use), Plaintiff Laiosa immediately ceased using the product. Plaintiff has used deodorant in the past and had never experienced irritation, rashes, or other discomfort until using Old Spice®.

Shortly after using the product and experiencing adverse effects, Plaintiff Laiosa contacted P&G via email, notified the company of his negative experience with the product and was sent a coupon for purchasing additional Old Spice® deodorant products.

**Pennsylvania Plaintiffs**

22.    Plaintiff Jose Toledo is, and at all times relevant hereto has been, a citizen of the State of Pennsylvania and resides in Philadelphia County. In 2015, Plaintiff Toledo has used Old Spice® Classic Original deodorant for personal consumption within the State of Pennsylvania. Plaintiff Toledo has purchased the Products from stores located in Philadelphia, including Sam's Club. Shortly after using the product, Plaintiff Toledo began to suffer pain, itchiness, irritation, and eventually, also developed severe rashes and burns on and around both armpits. Plaintiff Toledo used the product for approximately four months before discovering that the symptoms were caused by Old Spice deodorant. Plaintiff Toledo immediately ceased using the product. Plaintiff has used deodorant in the past and had never experienced irritation, rashes, or other discomfort until using Old Spice® in the past year. *See* **EXHIBIT A** for pictures of Plaintiff Toledo's injuries after using Old Spice® deodorant.

23.    Plaintiff Sylvia Anderson, as guardian to JOHN DOE I is, and at all times relevant hereto has been, a citizen of the State of Pennsylvania and resides in Chester County. In 2015, Plaintiff Anderson has purchased Old Spice® Swagger deodorant for JOHN DOE I, her underage son, within the State of Pennsylvania. Plaintiff Anderson has purchased the Products from stores located in Pennsylvania, including Walmart. After only a few applications of the product, in or around February 2016, JOHN DOE I, began to suffer discomfort, irritation, redness, and within days, also developed severe rashes and peeling of the skin under both arms.

Upon discovering in February 2016, that the symptoms were caused by Old Spice deodorant, Plaintiff Anderson's son immediately ceased using the product. Plaintiff Anderson's son has used deodorant in the past and had never experienced irritation, rashes, or other discomfort until using Old Spice®. Shortly after using the product and experiencing adverse effects, Plaintiff Anderson sought medical attention for her son's injuries. In an effort to address the injuries caused by the Old Spice deodorant, Plaintiff Anderson had to purchase antibacterial soap and ointments, including Cortizone cream and Mederma® cream.

**Illinois Plaintiff**

24.    Plaintiff Adrian McCoy II is, and at all times relevant hereto has been, a citizen of the State of Illinois and resides in LaSalle County. In or around March 2016, Plaintiff McCoy used Old Spice® Swagger deodorant for personal consumption within the State of Illinois. Plaintiff McCoy purchased the Product from a Dollar General store located in Illinois in 2016. Within days of using the product in or around March 2016, Plaintiff McCoy began to suffer pain, itchiness, irritation, and eventually, also developed severe rashes in the chest and torso and burns on and around the armpits. Plaintiff McCoy used the product for approximately two weeks before discovering that the symptoms were caused by Old Spice deodorant. Plaintiff McCoy immediately ceased using the product. Plaintiff has used deodorant in the past and had never experienced irritation, rashes, or other discomfort until using Old Spice®. Shortly after using the product and experiencing adverse effects, Plaintiff McCoy sought medical attention, was diagnosed with Intertrigo (intertriginous dermatitis). An Intertrigo is an inflammation (rash) of the body folds (adjacent areas of skin) and commonly refers to a bacterial, fungal, or viral infection that has developed at the site of broken skin due to such inflammation. Plaintiff McCoy was treated with a steroid cream but continues to have permanent scars from the

infection caused by use of Old Spice deodorant. *See* **EXHIBIT C** for pictures of Plaintiff McCoy's injuries after using Old Spic**e®** deodorant.

**Defendant**

25.     Defendant Procter & Gamble is a multinational consumer goods company incorporated in the State of Ohio, with a principal place of business at 1 Procter and Gamble Plaza, Cincinnati, Ohio 45202, and an address for service of process at c/o CT Corporation System, 1300 East Ninth Street, Cleveland, Ohio 44114.  In 1990, Procter & Gamble acquired the Old Spice® brand. As part of the transaction, Procter & Gamble acquired the trademarks to male grooming products that were part of the Old Spice® deodorant lines.

## FACTUAL ALLEGATIONS

26.     This is an action for damages suffered by Plaintiffs as a direct and proximate result of the Defendant's negligent and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling and/or sale of defective deodorant designed, manufactured, marketed, advertised, and sold by P&G in the states of New York, Pennsylvania, and Illinois.

27.     At all times relevant hereto, P&G developed, marketed, advertised, branded, promoted, distributed, and sold – through retail and online – one of the highest grossing deodorant product lines on the market today, Old Spice®. P&G sponsors an Old Spice website instructing users to "smell like a man" and has indicated that the campaign has increased its market position in both sales and volume.[1] The deodorants come in a variety of scents including:

- Old Spice Classic Original Deodorant
- Old Spice Classic Fresh Deodorant
- Old Spice High Endurance Original Deodorant
- Old Spice High Endurance Fresh Deodorant

---

[1] *See* https://www.pg.com/en_US/downloads/innovation/factsheet_OldSpice.pdf

- Old Spice High Endurance Pure Sport Deodorant
- Old Spice High Endurance Artic Force Deodorant
- Old Spice Champion Deodorant
- Old Spice Swagger Deodorant
- Old Spice Bearglove Deodorant
- Old Spice Lion Pride Deodorant
- Old Spice Wolfthorn Deodorant
- Old Spice After Hours Deodorant
- Old Spice Aqua Reef Deodorant
- Old Spice Fiji Deodorant

28.     P&G is responsible for placing the above-mentioned, and possibly other, Old Spice® products into the stream of commerce. At all relevant times, P&G has developed, manufactured, marketed, sold and distributed Old Spice deodorant throughout the United States.

29.     Upon information and belief, all of the foregoing Old Spice products cause mild to severe irritation, redness, swelling, blistering, burning, rashes, infection, and loss of pigmentation to unsuspecting consumers.

30.     On its own website, P&G provides a Materials Safety Data Sheet ("MSD") for the above-mentioned Old Spice products identifying that all referenced deodorants are made with the exact same materials.[2]

31.     P&G falsely reported and continues to report that the foregoing deodorants have "no known effect" with regard to skin irritation. However, after only a few uses, the Old Spice deodorant products have caused Plaintiffs to suffer irritation, redness, swelling, blistering, burning, severe rashes, infection, and loss of pigmentation, requiring Plaintiffs to immediately cease using the products, and in some instances, to seek medical attention.

32.     Plaintiffs' experience with the Old Spice products is by no means rare, isolated or representative of outlying occurrences. Numerous consumers have complained recently of the

---

[2] *See Material Safety Data Sheets*
https://www.pg.com/productsafety/search_results.php?searchtext=old+spice+deodorant&submit=Search&submit=Search

exact same injuries upon use of Old Spice deodorant products.[3] Alarmingly, nowhere on Defendant's website, packaging, and labeling are there any warnings about potential dangers and health problems caused by Old Spice® deodorant. A small sample of the hundreds of online complaints on consumeraffairs.com appear below:

> My 16 year old son only used Old Spice Deodorant twice and has bad chemical burns under his armpits. I had to take him to the doctor today because he was in so much pain. The doctor said the biggest concern with burns is infection…." **Nancy of Roseville, CA on April 4, 2016**.

> My son has huge boils under his armpits from Old Spice deodorant starting in the past couple weeks. He cannot put his arms down and any cream hurts. **Hannah of Boca Raton, FL on April 4, 2016**.

> It took only 4 uses for my daughter to have CHEMICAL BURNS. This is not just a small rash. We went to the doctor and have medical records of a chemical burn. She could not put her arms down and now her skin is peeling off in chunks. **Michele of Frisco, TX on March 29, 2016**.

> I used the product and had severe skin irritations that resulted in a bad chemical burn and eventually created pockets of staph. I eventually had to see a physician. **Carl of Spotsylvania, VA on March 28, 2016**.

> We spent months trying to figure out what was why our teenage daughter had such horrible burn like patches on her armpits. We tried different detergents, etc. thinking it may have been an allergic reaction but nothing helped. She was in a lot of pain and the blister like rash was getting worse. We finally switched her to a different deodorant and noticed improvement within a couple of weeks. She was using Old Spice Fiji because she loved the smell. We believe, through a process of elimination, that this was the culprit for her painful rash. **Shelley of Goodland, KS on March 25, 2016**.

> After using the deodorant for a few days my armpits started to burn and noticed some skin irritation. Stopped using the deodorant and began treatment with ointments, months later still have marks from the irritation. Why has this product not been discontinued? **Luis of Providence, RI on March 25, 2016**.

33.    In addition to blog complaints, YouTube features numerous videos also documenting armpit irritation, rashing and burning caused by Old Spice® deodorant. The

---

[3] *See* https://www.consumeraffairs.com/cosmetics/old-spice.html

problems experienced by the Plaintiffs are neither isolated, nor unique. Indeed, the problem is rampant, and rather than acknowledge the serious issue, Defendant is concealing it in order to continue selling the products and reaping windfall profits.

**Plaintiffs Were Injured as a Result of Defendant's Misleading and Deceptive Conduct**

34.    Old Spice® deodorants have caused a massive health crisis among purchasers for which P&G has been on notice of for a substantial period of time. Old Spice deodorant products have caused consumers pain, irritation, severe rashes, blisters and chemical burns (among other adverse effects, such as itchiness, swelling, redness, peeling and skin discoloration).

35.    A substantial number of consumers, upon information and belief in the tens of thousands, and potentially in excess of hundreds of thousands, who have purchased and used the product – spanning all gender, ages, and races, have experienced devastating adverse reactions to the product, consisting of irritation, redness, swelling, blistering, burning, severe rashes, infection, and loss of pigmentation, lasting from a few days, to a few months, and some consumers with long lasting and perhaps permanent symptoms.

36.    P&G is, and has been, on notice of the serious adverse side-effects caused by the use of its Old Spice line. Consumers, including the Plaintiffs in this action have written to P&G to share their complaints and adverse health problems arising from the use of the products. Consumer complaints have flooded the Old Spice Facebook page and their email. See below:



https://www.facebook.com/OldSpice (as appeared on 4/11/16)



https://www.facebook.com/OldSpice (as appeared on 4/11/16)

37.     Despite being on notice that its products are physically harming consumers who purchased their deodorants, P&G has:

> i.     Failed to provide adequate warning regarding the products' potential to cause chemical burns and infection.
>
> ii.     Failed to provide any warning on its website or advertising material.

14

      *iii.*    Failed to recall the product.

      *iv.*    Failed to commission a study regarding the adverse effects of its proprietary formula.

38.    While boasting celebrity endorsements and magazine advertisements, and while making lofty representations regarding the quality of their products, P&G provides inadequate, if any, warnings on its products, packaging, labeling, or anywhere on the website regarding health problems which are caused by the mix and use of ingredients used in its products.

39.    P&G failed to provide adequate warning regarding the potential dangerous side-effects of the ingredients used in the Old Spice products, potential allergens or the cumulative effect of combining these ingredients into a single deodorant stick.

40.    P&G has also failed to disclose to consumers the substantial number of complaints it has received based on adverse health consequences caused by the Old Spice deodorants.

41.    Plaintiffs did not know, and had no reason to know, that Defendant's Products were not safe to use or were labeled with inadequate warning statements. But for the intentional concealment and/or omission of adequate warnings, Plaintiffs would not have used the products and been injured.

42.    Plaintiffs have suffered and continue to suffer extensive damages. This action seeks damages, punitive damages, injunctive relief, attorneys' fees and costs, and other available relief.

## CAUSES OF ACTION

## COUNT I

### INJUNCTION FOR VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349 (DECEPTIVE AND UNFAIR TRADE PRACTICES ACT)
**(Brought on Behalf of Plaintiff Laiosa)**

43.     Plaintiff Laiosa realleges and incorporates herein by reference the allegations contained in all the preceding paragraphs of this Complaint, as if fully set forth herein.

44.     Plaintiff Laiosa brings this claim individually for an injunction for violations of New York's Deceptive Acts or Practices Law, Gen. Bus. Law § 349 ("NY GBL").

45.     NY GBL § 349 provides that deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are unlawful.

46.     Any person who has been injured by reason of any violation of the NY GBL may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.

47.     P&G misrepresented and omitted material information regarding the Old Spice® deodorant products by failing to disclose known risks.

48.     P&G's misrepresentations and concealment of material facts constitute unconscionable commercial practices, deception, fraud, false pretenses, misrepresentation, and/or the knowing concealment, suppression, or omission of materials facts with the intent that others rely on such concealment, suppression, or omission in connection with the sale and

16

advertisement of the Old Spice® deodorant products, in violation of New York General Business Law ("GBL") § 349.

49.    New York has enacted statutes to protect consumers from deceptive, fraudulent, and unconscionable trade and business practices. P&G violated these statutes by knowingly and falsely representing that Old Spice® deodorants were fit to be used for the purpose for which they were intended, when P&G knew they were defective and dangerous, and by other acts alleged herein.

50.    P&G engaged in the deceptive acts and practices alleged herein in order to sell Old Spice® deodorants to the public, including Plaintiffs.

51.    P&G's practices, acts, policies, and course of conduct, including its omissions, as described above, were intended to induce, and did induce, Plaintiffs to purchase Old Spice® deodorants.

52.    P&G sold Old Spice® deodorants knowingly concealing that they contained the defects alleged.

53.    Acts by P&G are and were deceptive acts or practices which are and/or were, likely to mislead a reasonable consumer purchasing Old Spice® deodorants. Said deceptive acts and practices aforementioned are material, in part, because they concern an essential facet of the Old Spice® deodorant product's safety. The sale and distribution in New York of Old Spice® deodorants was a consumer-oriented act and thereby falls under the New York deceptive acts and practices statute, General Business Law § 349.

54.    P&G has refused to act on grounds generally applicable to the injunctive relief sought by Plaintiff, thereby making final injunctive relief appropriate.

55.    P&G's conduct, as more fully set forth herein, both in the past and through the present day, has demonstrated a willful disregard for the health and safety of consumers and a willful disregard for educating consumers on the potential dangers associated with the Old Spice® deodorant products.

56.    P&G persists in its deceptive and unfair marketing and sales practices concerning the Old Spice® deodorants to the detriment of consumers across the country, including Plaintiffs.

57.    If P&G is allowed to continue with these practices, consumers, including Plaintiff Laiosa, will be irreparably harmed in that they do not have a plain, adequate, speedy, or complete remedy at law to address all of the wrongs alleged in this Complaint, unless injunctive relief is granted to stop P&G's improper conduct concerning its marketing and sale of Old Spice® deodorants.

58.    Plaintiff Laiosa, is therefore, entitled to an injunction requiring P&G to cease its unfair and deceptive practices relating the sale of Old Spice® deodorants, as alleged herein, including the effects thereof.

59.    Plaintiff Laiosa seeks a Court Order requiring P&G to do the following:

   a. discontinue advertising, marketing, packaging and otherwise representing its Old Spice® deodorant products are safe and healthy without providing appropriate warnings, disclosures and instructions of use regarding the products;

   b. undertake an immediate public information campaign to inform consumers, of the truth about Old Spice® deodorant products and P&G's prior practices relating thereto; and

c.  correct any erroneous impression derived concerning the nature, characteristics, or qualities of Old Spice® deodorants, including without limitation, the placement of corrective advertising and providing written notice to the general public.

## COUNT II

**VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349
(DECEPTIVE AND UNFAIR TRADE PRACTICES ACT)
(Brought on Behalf of Plaintiff Laiosa)**

60.     Plaintiff Laiosa realleges and incorporates herein by reference the allegations contained in all the preceding paragraphs of this Complaint, as if fully set forth herein.

61.     Plaintiff Laiosa brings this claim individually for violations of New York's Deceptive Acts or Practices Law, Gen. Bus. Law § 349.

62.     P&G engaged in consumer-oriented, commercial conduct by selling and advertising Old Spice® deodorants.

63.     P&G misrepresented and omitted material information regarding Old Spice® deodorants by failing to disclose known risks.

64.     P&G's misrepresentations and concealment of material facts constitute unconscionable commercial practices, deception, fraud, false pretenses, misrepresentation, and/or the knowing concealment, suppression, or omission of materials facts with the intent that others rely on such concealment, suppression, or omission in connection with the sale and advertisement of Old Spice® deodorants, in violation of New York General Business Law ("GBL") § 349.

65.     New York has enacted statutes to protect consumers from deceptive, fraudulent, and unconscionable trade and business practices. P&G violated these statutes by knowingly and

19

falsely representing that Old Spice® deodorants were fit to be used for the purpose for which they were intended, when P&G knew they were defective and dangerous, and by other acts alleged herein.

66. P&G engaged in the deceptive acts and practices alleged herein in order to sell Old Spice® deodorants to the public, including to Plaintiff Laiosa.

67. P&G's practices, acts, policies, and course of conduct, including its omissions, as described above, were intended to induce, and did induce, Plaintiff Laiosa to purchase Old Spice® deodorant.

68. P&G sold Old Spice® deodorant products knowingly concealing that they contained the defects alleged.

69. Acts by P&G are and were deceptive acts or practices which are and/or were, likely to mislead a reasonable consumer purchasing Old Spice® deodorant. Said deceptive acts and practices aforementioned are material, in part, because they concern an essential facet of the Old Spice® deodorants' safety. The sale and distribution in New York of Old Spice® deodorants was a consumer-oriented act and thereby falls under the New York deceptive acts and practices statute, General Business Law § 349.

70. P&G's practices, acts, policies and course of conduct violated New York's General Business Law Section 349 Deceptive Acts and Practices, N.Y. Gen. Bus. Law § 349 (McKinney); *et seq*., in that:

   a. At the time of sale, P&G knowingly misrepresented and intentionally omitted and concealed material information regarding Old Spice® deodorants by failing to disclose to Plaintiff Laiosa the known defects in Old Spice® deodorants and the known risks associated therewith.

b.  Thereafter, P&G failed to disclose the defects to Plaintiff Laiosa, either through warnings or recall notices, and/or actively concealed from him the fact that Old Spice® deodorants were defective, despite the fact that the company knew of such defects.

c.  P&G also engaged in materially misleading deceptive acts and practices by advertising and selling Old Spice® deodorants while knowing that consumers had experienced devastating adverse reactions to the product, consisting of irritation, redness, swelling, blistering, burning, severe rashes, infection, and loss of pigmentation, lasting from a few days, to a few months, and some consumers with long lasting and perhaps permanent symptoms.

d.  Furthermore, P&G engaged in materially misleading and deceptive acts by continuing to sell Old Spice® deodorants to the consuming public and to represent that Old Spice® deodorants were merchantable, fit for its intended use, and not defective, despite P&G's knowledge that Old Spice® deodorants would not perform as intended, represented, and warranted and that the above described defects would cause consumers/purchasers to suffer significant injuries and incur significant out-of pocket costs and expenses.

71.    The aforementioned conduct is and was deceptive and false and constitutes an unconscionable, unfair, and deceptive act or practice in that P&G has, by the use of knowing, intentional material omissions, concealed the true defective nature of Old Spice® deodorant products.

72.    In making these misrepresentations of fact and/or material omissions to prospective consumers while knowing such representations to be false, P&G has misrepresented and/or knowingly and intentionally concealed material facts and breached its duty not to do so.

73.     Plaintiff Laiosa was deceived by P&G's failure to disclose and could not discover the defect himself before suffering injuries.

74.     As a direct and proximate result of these unconscionable, unfair, and deceptive acts or practices, Plaintiff Laiosa has been damaged as alleged herein, and is entitled to recover actual damages to the extent permitted by law, in an amount to be proven at trial.

75.     Plaintiff Laiosa seeks restitution of the substantial sums of money he expended as a result of the defects in Old Spice® deodorant, which P&G knew about prior to the sale of Old Spice® deodorant.

76.     As a direct and proximate result of P&G's violations of New York's General Business Law Section 349 Deceptive Acts and Practices, N.Y. Gen. Bus. Law § 349 (McKinney); *et seq.*, Plaintiff Laiosa has suffered damages. Plaintiff Laiosa is entitled to compensatory damages, equitable and declaratory relief, punitive damages, costs and reasonable attorney's fees.

## COUNT III

**PENNSYLVANIA UNFAIR TRADE PRACTICES AND
CONSUMER PROTECTION LAW,
73 Penn. Stat. Ann. § 201-1, *et seq.*
(Brought on Behalf of Plaintiffs Toledo and Anderson)**

77.     Plaintiffs Toledo and Anderson reallege and incorporate herein by reference the allegations contained in all the preceding paragraphs of this Complaint, as if fully set forth herein.

78.     Plaintiffs Toledo and Anderson each bring this claim individually for violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-2(xxi).

79.     At all relevant times material hereto, P&G conducted trade and commerce within the meaning of the UTPCPL.

80.     Plaintiffs Toledo and Anderson each are "persons" as defined and construed under the UTPCPL.

81.     P&G misrepresented and omitted material information regarding Old Spice® deodorants by failing to disclose known risks.

82.     P&G's misrepresentations and concealment of material facts constitute unconscionable commercial practices, deception, fraud, false pretenses, misrepresentation, and/or the knowing concealment, suppression, or omission of materials facts with the intent that others rely on such concealment, suppression, or omission in connection with the sale and advertisement of Old Spice® deodorants, in violation of the UTPCPL.

83.     Pennsylvania has enacted statutes to protect consumers from deceptive, fraudulent, and unconscionable trade and business practices. P&G violated these statutes by knowingly and falsely representing that Old Spice® deodorants were fit to be used for the purpose for which they were intended, when P&G knew they were defective and dangerous, and by other acts alleged herein.

84.     P&G engaged in the deceptive acts and practices alleged herein in order to sell Old Spice® deodorants to the public, including to Plaintiffs Toledo and Anderson.

85.     P&G's practices, acts, policies, and course of conduct, including its omissions, as described above, were intended to induce, and did induce, Plaintiffs Toledo and Anderson to purchase Old Spice® deodorant.

86.     P&G sold Old Spice® deodorant products knowingly concealing that they contained the defects alleged.

87.     Acts by P&G are and were deceptive acts or practices which are and/or were, likely to mislead a reasonable consumer purchasing Old Spice® deodorant. Said deceptive acts and practices aforementioned are material, in part, because they concern an essential facet of the Old Spice® deodorants' safety. The sale and distribution in Pennsylvania of Old Spice® deodorants was a consumer-oriented act and thereby falls under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-2(xxi).

88.     P&G's practices, acts, policies and course of conduct violated the UTPCPL, 73 P.S. § 201-2(xxi), in that:

a.  At the time of sale, P&G knowingly misrepresented and intentionally omitted and concealed material information regarding Old Spice® deodorants by failing to disclose to Plaintiffs Toledo and Anderson the known defects in Old Spice® deodorants and the known risks associated therewith.

b.  Thereafter, P&G failed to disclose the defects to Plaintiffs Toledo and Anderson, either through warnings or recall notices, and/or actively concealed from them the fact that Old Spice® deodorants were defective, despite the fact that the company knew of such defects.

c.  P&G also engaged in materially misleading deceptive acts and practices by advertising and selling Old Spice® deodorants while knowing that consumers had experienced devastating adverse reactions to the product, consisting of irritation, redness, swelling, blistering, burning, severe rashes, infection, and loss of pigmentation, lasting from a few days, to a few months, and some consumers with long lasting and perhaps permanent symptoms.

d.  Furthermore, P&G engaged in materially misleading and deceptive acts by continuing to sell Old Spice® deodorants to the consuming public and to represent that Old Spice® deodorants were merchantable, fit for its intended use, and not defective, despite P&G's knowledge that Old Spice® deodorants would not perform as intended, represented, and warranted and that the above described defects would cause consumers/purchasers to suffer significant injuries and incur significant out-of pocket costs and expenses.

89.     The aforementioned conduct is and was deceptive and false and constitutes an unconscionable, unfair, and deceptive act or practice in that P&G has, by the use of knowing, intentional material omissions, concealed the true defective nature of Old Spice® deodorant products.

90.     In making these misrepresentations of fact and/or material omissions to prospective consumers while knowing such representations to be false, P&G has misrepresented and/or knowingly and intentionally concealed material facts and breached its duty not to do so.

91.     Plaintiffs Toledo and Anderson were deceived by P&G's failure to disclose and could not discover the defect themselves before suffering injuries.

92.     P&G's conduct as set forth herein has been unfair in violation of the CFA because the acts or practices violate established public policy, and because the harm they cause to consumers in Pennsylvania greatly outweighs any benefits associated with those practices.

93.     As a direct and proximate result of these unconscionable, unfair, and deceptive acts or practices, Plaintiffs Toledo and Anderson have been damaged as alleged herein, and are entitled to recover actual damages to the extent permitted by law, in an amount to be proven at trial.

94.     Plaintiffs Toledo and Anderson seek restitution of the substantial sums of money they expended as a result of the defects in Old Spice® deodorant, which P&G knew about prior to the sale of Old Spice® deodorant.

95.     As a result of the harm caused by P&G's violation of Pennsylvania consumer protection law, Plaintiffs Toledo and Anderson are entitled to recover compensatory damages, punitive damages, and attorneys' fees as set forth below.

## COUNT IV

### VIOLATION OF ILLINOIS' CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS § 505, *et seq.* (Brought on Behalf of Plaintiff McCoy II)

96.     Plaintiff Adrian McCoy II realleges and incorporates herein by reference the allegations contained in all preceding paragraphs and further alleges as follows:

97.     Plaintiff McCoy brings this claim individually for violations of Illinois's Consumer Fraud and Deceptive Business Practice Act, ("ICFA"), 815 ILC § 505, *et seq.*

98.     Plaintiff McCoy is a consumer who purchased Old Spice® deodorant for personal, family or household purposes. Plaintiff McCoy II is a "consumer" as that term is defined by the ICFA, 815 ILC § 505/1(e) as they purchased the Products for personal consumption or of a member of their household and not for resale.

99.     The Old Spice® deodorants that Plaintiff McCoy purchased from P&G were "merchandise" within the meaning of the ICFA, 815 ILC § 505/1(b).

100.    P&G's deceptive act or practice occurred in the course of trade or commerce. "The terms "trade" and "commerce" mean the advertising, offering for sale, sale, or distribution of any services and any property...." 815 ILC § 505/1(f). P&G's deceptive act or practice

occurred in the advertising, offering for sale, sale, or distribution of the Old Spice® deodorant products.

101.    P&G misrepresented and omitted material information regarding Old Spice® deodorants by failing to disclose known risks.

102.    P&G's misrepresentations and concealment of material facts constitute unconscionable commercial practices, deception, fraud, false pretenses, misrepresentation, and/or the knowing concealment, suppression, or omission of materials facts with the intent that others rely on such concealment, suppression, or omission in connection with the sale and advertisement of Old Spice® deodorants, in violation of the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 ILC § 505.

103.    Illinois has enacted statutes to protect consumers from deceptive, fraudulent, and unconscionable trade and business practices. P&G violated these statutes by knowingly and falsely representing that Old Spice® deodorants were fit to be used for the purpose for which they were intended, when P&G knew they were defective and dangerous, and by other acts alleged herein.

104.    P&G engaged in the deceptive acts and practices alleged herein in order to sell Old Spice® deodorants to the public, including to Plaintiff McCoy.

105.    P&G's practices, acts, policies, and course of conduct, including its omissions, as described above, were intended to induce, and did induce, Plaintiff McCoy to purchase Old Spice® deodorant.

106.    P&G sold Old Spice® deodorant products knowingly concealing that they contained the defects alleged.

107.     Acts by P&G are and were deceptive acts or practices which are and/or were, likely to mislead a reasonable consumer purchasing Old Spice® deodorant. Said deceptive acts and practices aforementioned are material, in part, because they concern an essential facet of the Old Spice® deodorants' safety. The sale and distribution in Illinois of Old Spice® deodorants was a consumer-oriented act and thereby falls under the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 ILC § 505.

108.     P&G's practices, acts, policies and course of conduct violated the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 ILC § 505 *et seq*., in that:

a.     At the time of sale, P&G knowingly misrepresented and intentionally omitted and concealed material information regarding Old Spice® deodorants by failing to disclose to Plaintiff McCoy the known defects in Old Spice® deodorants and the known risks associated therewith.

b.     Thereafter, P&G failed to disclose the defects to Plaintiff McCoy, either through warnings or recall notices, and/or actively concealed from him the fact that Old Spice® deodorants were defective, despite the fact that the company knew of such defects.

c.     P&G also engaged in materially misleading deceptive acts and practices by advertising and selling Old Spice® deodorants while knowing that consumers had experienced devastating adverse reactions to the product, consisting of irritation, redness, swelling, blistering, burning, severe rashes, infection, and loss of pigmentation, lasting from a few days, to a few months, and some consumers with long lasting and perhaps permanent symptoms.

d.     Furthermore, P&G engaged in materially misleading and deceptive acts by continuing to sell Old Spice® deodorants to the consuming public and to represent that

Old Spice® deodorants were merchantable, fit for its intended use, and not defective, despite P&G's knowledge that Old Spice® deodorants would not perform as intended, represented, and warranted and that the above described defects would cause consumers/purchasers to suffer significant injuries and incur significant out-of pocket costs and expenses.

109.    The aforementioned conduct is and was deceptive and false and constitutes an unconscionable, unfair, and deceptive act or practice in that P&G has, by the use of knowing, intentional material omissions, concealed the true defective nature of Old Spice® deodorant products.

110.    In making these misrepresentations of fact and/or material omissions to prospective consumers while knowing such representations to be false, P&G has misrepresented and/or knowingly and intentionally concealed material facts and breached its duty not to do so.

111.    Under Illinois law, 815 ILC § 505/2, "[u]nfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact … in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." By engaging in the conduct set forth herein, Defendant violated and continues to violate § 505/2 of the ICFA, because Defendant's conduct constitutes unfair methods of competition and unfair or deceptive acts or practices, in that it misrepresents that the Products contain more deodorant than they actually do.

112.     Plaintiff McCoy was deceived by P&G's failure to disclose and could not discover the defect himself before suffering injuries.

113.     As a direct and proximate result of these unconscionable, unfair, and deceptive acts or practices, Plaintiff McCoy has been damaged as alleged herein, and is entitled to recover actual damages to the extent permitted by law, in an amount to be proven at trial.

114.     Plaintiff McCoy also seeks punitive damages, restitution, and injunctive relief for these violations of the ICFA.

## COUNT V

### BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (Brought on Behalf of Plaintiffs)

115.     Plaintiffs reallege and incorporate herein by reference the allegations contained in all the preceding paragraphs of this Complaint, as if fully set forth herein.

116.     Ohio Revised Code §1302.27 provides that a warranty that goods shall be merchantable is implied in contract for their sale if the seller is a merchant with respect to goods of that kind.

117.     The sale of Old Spice® deodorant is the sale of goods.

118.     P&G is a merchant with respect to the sale of Old Spice® deodorants.

119.     For goods to be merchantable they must be fit for the ordinary purpose for which such goods are used.

120.     P&G impliedly warranted and represented through advertisements, marketing, packaging, labels, websites and other material that Old Spice® deodorants are fit for the ordinary purposes of deodorant.

121.     P&G reviewed hundreds, if not thousands or more complaints regarding the defective nature of Old Spice® deodorant products.

30

122.    P&G breached said warranty because at the time of the sale with Plaintiffs, Old Spice deodorants caused burning, rashes, irritation and other discomfort and were not fit for the ordinary purpose of deodorant.

123.    Thus, P&G knew or should have known that Old Spice® deodorant products posed a safety risk and were defective prior to the sale of the products to Plaintiffs.

124.    As a direct and proximate result of P&G's breaches of the implied warranty of merchantability, Plaintiffs purchased unsafe products which could not be used for their intended use.

125.    As a direct and proximate result of P&G's breach, Plaintiffs have been damaged in an amount to be determined at trial.

## COUNT VI

### STRICT PRODUCTS LIABILITY
### (Brought on Behalf of Plaintiffs)

126.    Plaintiffs reallege and incorporate herein by reference the allegations contained in all the preceding paragraphs of this Complaint, as if fully set forth herein.

127.    At all times relevant to this Complaint, P&G was engaged in the design, manufacture, and sale of Old Spice® deodorant and had a statutory duty of care.

128.    At all times herein mentioned, P&G designed, researched, manufactured, tested, advertised, promoted, marketed, sold and/or distributed Old Spice® deodorant used by Plaintiffs.

129.    Old Spice® deodorant was expected to, and did, reach the usual consumers, handlers, and persons coming into contact with said product without substantial change in the condition which it was produced, manufactured, sold, distributed, and marketed by P&G.

130.    At those times, Old Spice® deodorant was in an unsafe, defective, and inherently dangerous condition which was unreasonably dangerous to its users and, in particular, Plaintiffs.

131.    Old Spice® deodorant was so defective in design or formulation or manufacture that when it left the hands of the manufacturer and/or suppliers, the foreseeable risks exceeded the benefits associated with the design, formulation or manufacture of P&G's Old Spice® deodorant.

132.    At all times herein mentioned, Old Spice® deodorant was in a defective condition and unsafe, and P&G knew, had reason to know, or should have known that said product was defective and unsafe, especially when used in the form and manner as provided by P&G.

133.    P&G knew, or should have known, that at all times herein mentioned Old Spice® deodorant was/is inherently dangerous and unsafe.

134.    At the time of their use of Old Spice® deodorant, Plaintiffs utilized the Old Spice® deodorant for the purposes and manner normally intended.

135.    P&G had a duty to create a product that was not unreasonably dangerous for its normal, intended use.

136.    Old Spice® deodorant was designed, researched, manufactured, tested, advertised, promoted, marketed, sold and distributed in a defective condition by P&G and was unreasonably dangerous to its intended users, including Plaintiffs.

137.    P&G designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed a defective product which created an unreasonable risk to the health of consumers thereof and to Plaintiffs. P&G is, therefore, strictly liable for the injuries sustained by the Plaintiffs.

138.    Plaintiffs, acting as reasonably prudent persons, could not discover that Old Spice® deodorant was defective as herein mentioned or perceive its danger.

139.    The Old Spice® deodorant designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed by P&G was defective due to inadequate warnings or instructions as P&G knew, or should have known, that the defective product created a risk of serious and dangerous side effects including, but not limited to devastating adverse reactions to the product, consisting of irritation, redness, swelling, blistering, burning, severe rashes, infection, and loss of pigmentation, lasting from a few days, to a few months, and some consumers with long lasting and perhaps permanent symptoms, and other health concerns.

140.    Old Spice® deodorant as designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed by P&G is defective due to inadequate warnings and/or inadequate testing.

141.    Old Spice® deodorant as designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed by P&G is defective due to inadequate post-marketing surveillance and/or warnings because, upon information and belief, sales continued after P&G knew, or should have known, of the defects and risk of serious side effects including, but not limited to, devastating adverse reactions to the product, consisting of irritation, redness, swelling, blistering, burning, severe rashes, infection, and loss of pigmentation, lasting from a few days, to a few months, and some consumers with long lasting and perhaps permanent symptoms, and other health concerns.

142.    By reason of the foregoing, P&G is strictly liable in tort to the Plaintiffs for the manufacturing, promoting, distribution, and selling of a defective product, Old Spice® deodorant.

143.    P&G's defective design, manufacturing defects, and inadequate warnings of the dangers associated with Old Spice® deodorant were acts that amount to willful, wanton, and/or reckless conduct by P&G.

144.    Said defects in Old Spice® deodorant were a substantial factor in causing Plaintiffs' injuries and/or placed Plaintiffs at increased risk of serious injury and/or harm.

145.    As a direct and proximate result of the defective condition of Old Spice® deodorant as manufactured and sold by P&G, Plaintiffs suffered, and will continue to suffer, damages.

146.    By reason of the foregoing, Plaintiffs experienced, and/or are at risk of experiencing, serious and dangerous side effects, as well as have incurred financial damage and injury.

147.    As a result of the foregoing acts and omissions, Plaintiffs require, and/or will require, more health care and services and did incur medical, health and incidental and related expenses. Plaintiffs are informed and believe, and further allege, that Plaintiffs will in the future be required to obtain further medical and/or hospital care, attention, and services.

148.    Plaintiff, on behalf of herself and all others similarly situated, demands judgment against P&G for compensatory damages for each Plaintiff, plus attorney's fees, interest and costs.

## COUNT VII

### NEGLIGENCE/NEGLIGENT DESIGN/NEGLIGENCE *PER SE*
### (Brought on Behalf of Plaintiffs)

149.    Plaintiffs reallege and incorporate herein by reference the allegations contained in all the preceding paragraphs of this Complaint, as if fully set forth herein.

150.    At all times material hereto, P&G designed and manufactured Old Spice® deodorant.

151.    P&G had a duty to exercise reasonable care in designing, manufacturing, assembling, marketing, selling and/or distributing the Old Spice® deodorant P&G placed into the stream of commerce, including a duty to assure that the product would perform as intended, marketed, promoted, and/or advertised and/or did not cause users to suffer unreasonable, dangerous side effects.

152.    P&G failed to exercise ordinary care in the designing, manufacturing, assembling, inspecting, marketing, selling and/or distributing Old Spice® deodorant into the stream of commerce in that P&G knew or should have known that the product was defective, did not function as intended and/or created a high risk of unreasonable, dangerous side effects, including, but not limited to, devastating adverse reactions to the product, consisting of irritation, redness, swelling, blistering, burning, severe rashes, infection, and loss of pigmentation, lasting from a few days, to a few months, and some consumers with long lasting and perhaps permanent symptoms.

153.    The negligence of P&G, its agents, servants, and/or employees, included, but was not limited to, the following acts and/or omissions:

i.    designing, manufacturing, assembling, formulating, creating, inspecting, marketing, selling and/or distributing Old Spice® deodorant without thoroughly testing it;

ii.    designing, manufacturing, assembling, formulating, creating, inspecting, marketing, selling and/or distributing Old Spice® deodorant without adequately testing it;

iii.    selling Old Spice® deodorant without performing proper and sufficient tests to determine the dangers to its users;

iv.    negligently failing to adequately and correctly warn the Plaintiffs, the public, and the medical and healthcare profession, of the dangers of Old Spice® deodorant; negligently failing to recall or otherwise notify users at the earliest date that it became known that said product was, in fact, dangerous and defective;

v.    negligently advertising and recommending the use of the aforesaid without sufficient knowledge as to its defect and dangerous propensities;

vi.    negligently representing that Old Spice® deodorant was safe for its intended purpose when, in fact, its safety is questionable;

vii.    negligently manufacturing Old Spice® deodorant in a manner which was dangerous to its users;

viii.    negligently designing Old Spice® deodorant in a manner which was dangerous to its users;

ix.    negligently producing Old Spice® deodorant in a manner which was dangerous to its users;

x.    negligently assembling Old Spice® deodorant in a manner which was dangerous to its users;

xi.    a concealing information concerning reports of adverse effects from the Plaintiffs while knowing that Old Spice® deodorant was unsafe, dangerous and non-conforming with accepted industry standards; and

xii.    improperly concealing and/or misrepresenting information from the Plaintiffs, healthcare professionals and/or the public, concerning the severity of risks and dangers of Old Spice® deodorant and/or the defects.

154.    P&G under-reported, underestimated, and/or downplayed the serious dangers and the defective nature of Old Spice® deodorant.

155.    P&G was negligent in the designing, researching, supplying, manufacturing, promoting, packaging, distributing, testing, advertising, warning, marketing, and sale of Old Spice® deodorant in that it:

    i.    failed to use due care in designing and manufacturing Old Spice® deodorant so as to avoid the aforementioned risks when Old Spice® deodorant was used for its intended purpose;

    ii.    failed to accompany their product with proper warnings regarding all possible adverse side effects concerning the failure and/or defective nature of Old Spice® deodorant;

    iii.    failed to accompany their product with accurate warnings regarding all possible adverse side effects associated with the use of Old Spice® deodorant given its defective nature;

    iv.    failed to warn Plaintiffs of the severity and duration of such adverse side effects;

    v.    failing to conduct testing, including clinical testing and post-marketing surveillance to determine the safety of Old Spice® deodorant; and

    vi.    failing to warn Plaintiffs, prior to actively encouraging the sale of Old Spice® deodorant either directly or indirectly, orally or in writing, about the defective nature of the product; and were otherwise negligent.

156.    Upon information and belief, despite the fact that P&G knew or should have known that Old Spice® deodorant caused unreasonably dangerous side effects due to its defects, P&G continued to market, manufacture, distribute and/or sell Old Spice® deodorant to consumers, including the Plaintiffs.

157.    P&G knew or should have known that consumers such as Plaintiffs would foreseeably suffer injury, both physical and economic, and/or be at an increased risk of suffering injury as a result of P&G's failure to exercise ordinary care.

158.    P&G's actions and/or inactions, as set forth herein, by virtue of violating statutes, ordinances and/or rules and/or regulations, constitutes negligence per se.

159.    P&G's negligence was the proximate cause of Plaintiffs' injuries, harm and economic loss which they suffered and will continue to suffer.

160.    By reason of the foregoing, Plaintiffs experienced and/or are at risk of experiencing serious and dangerous side effects, as well as have incurred financial damage and injury.

161.    As a result of the foregoing acts and omissions, the Plaintiffs require and/or will require more health care and services and did incur medical, health, incidental, and related expenses. Plaintiffs are informed and believe and further allege that Plaintiffs will in the future be required to obtain further medical and/or hospital care, attention, and services.

## COUNT VIII

### FRAUDULENT MISREPRESENTATION
**(Brought on Behalf of Plaintiffs)**

162.    Plaintiffs reallege and incorporate herein by reference the allegations contained in all the preceding paragraphs of this Complaint, as if fully set forth herein.

163.    P&G falsely and fraudulent represented to the Plaintiffs and the public in general that said product, Old Spice® deodorant, had been tested and was found to be safe and/or effective for use.

164.    That representation made by P&G was, in fact, false.

165.    When said representations were made by P&G, upon information and belief, they knew those representations to be false and it willfully, wantonly, and recklessly disregarded whether the representations were true.

166.    These representations were made by P&G with the intent of defrauding and deceiving the Plaintiffs, all of which evinced reckless, willful, indifference to the health, safety and welfare of the Plaintiffs herein.

167.    At the time the aforesaid representations were made by the P&G and, at the time the Plaintiffs, Old Spice® deodorant, the Plaintiffs were unaware of the falsity of said representations and reasonably believed them to be true.

168.    In reliance upon said representations, the Plaintiffs were induced to, and did, purchase Old Spice® deodorant thereby sustaining damage and injury and/or being at an increased risk of sustaining severe and permanent personal injuries in the future.

169.    P&G knew, and was aware, or should have been aware, that Old Spice® deodorant had not been sufficiently tested, was defectively manufactured and/or lacked adequate and/or sufficient warnings.

170.    P&G knew, or should have known, that Old Spice® deodorant had a potential to, could, and would cause severe injury to the users of said product.

171.    P&G brought Old Spice® deodorant to the market and acted fraudulently, wantonly, and maliciously to the detriment of the Plaintiffs.

172.    By reason of the foregoing, Plaintiffs experienced, and/or are at risk of experiencing, serious and potentially dangerous and disfiguring side effects, as well as have incurred financial damage and injury.

173.    As a result of the foregoing acts and omissions, the Plaintiffs require, and/or will require, more health care and services and did incur medical, health, incidental, and related expenses. Plaintiffs are informed and believe, and further allege, that Plaintiffs will in the future be required to obtain further medical and/or hospital care, attention, and services.

## COUNT IX

### FRAUDULENT CONCEALMENT
### (Brought on behalf of Plaintiffs)

174.    Plaintiffs reallege and incorporate herein by reference the allegations contained in all the preceding paragraphs of this Complaint, as if fully set forth herein.

175.    At all times during the course of dealing between P&G and Plaintiffs, P&G misrepresented the safety of Old Spice® deodorant.

176.    P&G knew, or was reckless in not knowing, that its representations were false.

177.    P&G fraudulently concealed, and/or intentionally omitted, the fact that Old Spice® deodorant was devastating adverse reactions to the product, consisting of irritation, redness, swelling, blistering, burning, severe rashes, infection, and loss of pigmentation, lasting from a few days, to a few months, and some consumers with long lasting and perhaps permanent symptoms, and other health concerns and was negligently manufactured in this regard.

178.    P&G fraudulently concealed, and/or intentionally omitted, the fact that the risk of adverse events with the negligently manufactured Old Spice® deodorant was not adequately tested for and/or known by P&G.

179.    P&G fraudulently concealed, and/or intentionally omitted, the fact that P&G was aware of complaints regarding adverse side effects and did nothing.

180.    P&G fraudulently concealed and/or intentionally omitted the fact that Old Spice® deodorant was negligently manufactured.

181.    P&G was under a duty to disclose to Plaintiffs, the aforementioned as it pertains to Old Spice® deodorant.

182.    P&G's concealment and omissions of material facts concerning, *inter alia*, the negligent design and manufacture of Old Spice® deodorant was made purposefully, willfully, wantonly, and/or recklessly to mislead Plaintiffs into reliance and continued purchase and use of Old Spice® deodorant.

183.    P&G's concealment and omissions of material facts concerning, *inter alia*, the negligent manufacture of Old Spice® deodorant was made purposefully, willfully, wantonly, and/or recklessly to mislead Plaintiffs into reliance, continued use of Old Spice® deodorant and actions thereon, and to cause them to purchase and/or use Old Spice® deodorant solely for P&G's financial gain and without regard for the safety of their customers, the Plaintiffs herein.

184.    P&G knew that Plaintiffs had no way to determine the truth behind P&G's concealment and omissions and that these included material omissions of facts surrounding Old Spice® deodorant as alleged herein.

185.    Plaintiffs reasonably relied on facts revealed which negligently, fraudulently and/or purposefully did not include facts that were concealed and/or omitted by P&G.

186.    By reason of the foregoing, Plaintiffs experienced, and/or are at the risk of experiencing, serious and dangerous side effects, as well as have incurred financial damage and injury.

187.    As a result of the foregoing acts and omissions, the Plaintiffs require, and/or will require, more health care and services and did incur medical, health, incidental, and related

expenses. Plaintiffs are informed and believe, and further allege, that Plaintiffs will in the future be required to obtain further medical and/or hospital care, attention, and services.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually, seek judgment against Defendant, as follows:

A.  For an order requiring complete and immediate disclosure of all studies, reports, analyses, data, compilations, and other similar information within the possession, custody, or control of P&G concerning, relating to, or involving the health and safety of Old Spice® deodorant products;

B.  For an order barring P&G from destroying or removing any computer or similar records which record evidence related to the purported health and safety of P&G products;

C.  For an order barring P&G from attempting, on its own or through its agents, to induce Plaintiffs to sign any documents which in any way releases any of the claims herein;

D.  For an award of compensatory damages in the amount to be determined for all injuries and damages described herein;

E.  For an award of punitive damages to the extent allowable by law, in an amount to be proven at trial;

F.  Awarding restitution and disgorgement of P&G's revenues to the Plaintiff;

G.  Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining P&G from continuing the unlawful practices as set forth herein, and directing P&G to identify, with Court supervision, victims of its

conduct and pay them restitution and disgorgement of all monies acquired by

P&G by means of any act or practice declared by the Court to be wrongful;

H.  Ordering P&G to engage in a corrective advertising campaign;

I.  Awarding attorney fees and costs; and

J.  Providing such other relief as may be just and proper.


## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a jury trial on all claims so triable.


Dated: January 20, 2017

Respectfully submitted,

**LEE LITIGATION GROUP, PLLC**

By: _____ /s/ *C.K. Lee* _____
        C.K. Lee, Esq.

C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Telephone: (212) 465-1188
Facsimile: (212) 465-1181
*Attorneys for Plaintiffs and the Class*